Dear Representative Donelon:
I am in receipt of your request for an Attorney General's opinion concerning an individual who retired from the Jefferson Parish School system after 30 years of service and is a retired member of the Teachers' Retirement System of Louisiana. I have been informed that this individual completed participation in the Drop program on 7/1/96, and retired with the Jefferson Parish School Board on 7/1/99. You have stated that he served as a part time instructor at Delgado Community College for the past fifteen (15) years and is still currently teaching.
LSA-R.S. 11:791 speaks to the reemployment of a member of the Teachers' Retirement System that has participated in the Drop program and terminated their service. It states:
 A. (1) Notwithstanding the provisions of R.S. 11:707, 708, and 737, any member who retires from the Teachers' Retirement System of Louisiana and terminates employment, who participated in the Deferred Retirement Option Plan and becomes employed or reemployed in employment covered by the provisions of this Chapter or employment by or within the Department of Education as defined in Title 36 of the Louisiana Revised Statutes of 1950, even when such employment is by contract or corporate contract, shall have his total benefit suspended for the duration of such employment. (Emphasis added).
 (2)(a) Notwithstanding the provisions of Paragraph (1) of this Subsection, any retired teacher may be employed or reemployed in employment covered by the provisions of this Chapter or employment by or with the Department of Education as defined in Title 36 of the Louisiana Revised Statutes of 1950, during the periods of July first through June thirtieth of any year, provided all of the following conditions of eligibility exist:
 (i) The teacher has participated in the Deferred Retirement Option Plan.
 (ii) The teacher has retired from the Teachers' Retirement System of Louisiana.
 (iii) The teacher has terminated employment covered by the provisions of this Chapter or employment by or within the Department of Education, even when such employment is by contract or corporate contract, for a period of at least twenty-four consecutive months; however, if the teacher retired with a minimum of thirty years of service credit, that teacher need only have terminated such employment for at least twelve consecutive months. Neither the twenty-four month nor the twelve-month provision of this Item shall apply to an otherwise eligible teacher who terminated covered employment prior to July 1, 1998.
(Emphasis added).
You indicated in your request that Delgado Community College is not affiliated with the Jefferson Parish School System nor is it under the jurisdiction of the Board of Elementary and Secondary Education. The definition of a "teacher" and what positions are not covered as a "teacher" for purposes of reemployment pursuant to the Teachers' Retirement System are found in LSA-R.S. 11:701(23) which states the following:
 (23)(a) "Teacher", except as provided in Subparagraph (b) of this Paragraph, shall mean any employee of a city or parish school board, parish or city superintendent, or assistant superintendent of public schools, president, vice-president, dean, teacher, guidance counselor, or an unclassified employee at any state college or university or any vocational-technical school or institution or special school under the control of the State Board of Elementary and Secondary Education, or any education institution supported by and under the control of the state or any parish school board, full-time unclassified employees of boards created by Article VIII of the Constitution of Louisiana who became employed on or after July 1, 1991, provided that such persons employed on and after July 1, 1991, who are members of the Louisiana State Employees' Retirement System shall remain members of the Louisiana State Employees' Retirement System, the president and staff of the Louisiana Federation of Teachers who were members of the Teachers' Retirement System prior to such employment, the president or secretary and staff of the Louisiana Association of Educators, employees of the Teachers' Retirement System on and after July 1, 1991, who are members of the Louisiana State Employees' Retirement System shall remain members of the Louisiana State Employees' Retirement System, the director and staff of the Associated Professional Educators of Louisiana, and the secretary and staff of the Louisiana High School Athletic Association. For purposes hereof, staff personnel involved in the administration of a health and welfare program for the benefit of employees of a school board, which program is coordinated by the school board and a teacher association, and which staff personnel are so designated by the school board, shall be considered to be employees of the school board provided that such employees were previously members of this system. In all cases of doubt, the board of trustees shall determine whether any person is a teacher within the scope of the definition herein set forth. (Emphasis added).
 (b) "Teacher" shall not include any employee of a city or parish school board who is employed as a school bus driver, a school janitor, a school custodian or a school maintenance employee, school bus aide, monitor or attendant, or anyone who actually works on a school bus helping with the transportation of school children; and shall not include any classified state employee at any state college, university, vocational-technical school, or institution or special school under the control of the State Board of Elementary and Secondary Education, or any educational institution supported by and under the control of the state and shall not include employees of the State Department of Education except that persons employed by the State Department of Education on and after July 1, 1991, who are members of this system shall remain members of this system or board members and employees of any board created by Article VIII of the Constitution of Louisiana, except as provided in Subparagraph (23)(a) of this Section or nonresident aliens who teach in Louisiana based on J and F visas.
Since Delgado Community College is an educational institution supported by and under the control of the state, if the individual-in-question is employed or reemployed with Delgado, LSA-R.S. 11:791 applies. This individual shall have his total monthly benefit with the Teachers' Retirement System suspended for the duration of his employment with Delgado unless LSA-R.S. 11:791(A)(2)(a) applies. However, this does not mean that this individual cannot currently work for Delgado.
LSA-R.S. 11:791(A)(2)(a) sets forth the conditions of eligibility for employment or reemployment which if the teacher meets the provisions of A(1) do not apply. First, the teacher has to have participated in the Drop program which I have been informed this individual completed on 7/1/96. Second, the teacher has to have retired from the Teachers' Retirement System of Louisiana, which I understand this individual did on 7/1/99. Thirdly, the statute specifies a waiting period. Since this individual has had at least thirty years of service, if he waits at least twelve consecutive months before reemployment his total monthly benefits would not be suspended.
However, if he is currently working and did not wait twelve consecutive months before reemployment, his total monthly benefits will be suspended until he completes the twelve month waiting period that is applicable to him. Therefore, if he returns to work before 7/1/2000, his benefits will be suspended. (Please see LSA-R.S. 11:791(A)(2)(b) for specifics concerning the return to work of an eligible retiree).
I hope this opinion has sufficiently addressed your concerns. If I may be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
a:99-265.op